PHILLIP A. TALBERT
Acting United States Attorney
ANGELA SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00161 NONE-SKO |
|---|---|
| Plaintiff, | ORDER REGARDING PRODUCTION OF EXHIBITS FOR WEIGHING AND CHEMICAL ANALYSIS |
| v. | |
| JORGE LUIZ VELASQUEZ, OMAR VELAZQUEZ LANDEROS, and VICTOR ROMERO GALVAN, | |
| Defendants. | |

UPON THE PARTIES' STIPULATION for an order that requires the Government to (1) produce, for inspection and reweighing by a defense expert, certain controlled substances; and (2) produce, for qualitative and/or quantitative retesting (including methamphetamine purity) of the controlled substance exhibits by a defense expert, a representative sample from certain controlled substance exhibits, AND UPON THIS COURT'S CONSIDERATION of that stipulation, IT IS HEREBY ORDERED, in accordance with Fed. R. Crim. P. 16(a)(1)(E) as follows:

**A.   ORDER REGARDING REWEIGHING**

1.   IT IS HEREBY ORDERED that the Government shall allow the defense expert to inspect and reweigh those exhibits identified as:

   a)   Drug Enforcement Administration (DEA) Exhibit 1 and analyzed by the DEA as set

1                                 forth in LIMS Number 2020-SFL7-00899

                b)   DEA Exhibit 2 and analyzed by the DEA as set forth in LIMS Number 2020-SFL7-01585

                c)   DEA Exhibit 3 and analyzed by the DEA as set forth in LIMS Number 2020-SFL7-03944

                d)   DEA Exhibit 7 and analyzed by the DEA as set forth in LIMS Number 2020-SFL7-04469

                e)   DEA Exhibit 8 and analyzed by the DEA as set forth in LIMS Number 2020-SFL7-04470

(these items are hereinafter referred to as the "Controlled Substance Exhibits")

       2.        IT IS FURTHER ORDERED that the Government shall deliver, in its discretion and in a manner consistent with the type and quantity of controlled substance at issue, and considering the defense expert's proximity to the DEA laboratory, the Controlled Substance Exhibits to the defense expert. The defense expert is specifically identified as Minh X. Tran and the laboratory at which the reweighing will occur is specifically identified as Drug Detection Laboratories, Inc., 9700 Business Park Drive, Suite 407, Sacramento, CA 95837. Drug Detection Laboratories shall possess and present in advance, as a prerequisite to the delivery of the Controlled Substance Exhibits, a current and valid DEA registration sufficient to perform the inspection and reweighings of the schedule of controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 et seq.; and

       3.        IT IS FURTHER ORDERED that upon delivery of the Controlled Substance Exhibits to the defense expert, the expert shall conduct the inspection and reweighings ordered herein and shall provide the Government a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746. The Declaration will be executed by the expert who conducted the inspection and reweighing and will state the quantity of each exhibit consumed during analysis, if any, as well as the weight of each exhibit both received from and returned to the Government; and

       4.        IT IS FURTHER ORDERED that:

                a)        The inspection and reweighings of the Controlled Substance Exhibits identified in

this Order will be conducted first and separately from the retesting order set forth herein;

        b)      The defense expert shall coordinate with the Government a convenient date and time for the inspection and reweighings ordered herein, which date shall be within thirty (30) days of the date of this Order;

        c)      The defense expert's inspection and reweighings shall be observed by a Government law enforcement officer, who will remain with the Controlled Substance Exhibits until the reweighing is complete and who reserves the right to videotape the inspection and weighings, or any portion thereof;

        d)      The defense expert is responsible for repackaging each exhibit in a heat-sealed envelope, which heat-sealed envelope shall be placed in a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable;

        e)      To the extent applicable, the defense expert shall execute and return by Registered Mail, Return Receipt Requested, any DEA forms necessary to receive temporary possession of the Controlled Substance Exhibits, including a Form DEA-12 (Receipt for Cash Or Other Items) indicating receipt of the sample; and

        f)      The defense expert shall, immediately upon completion of the inspection and reweighing ordered herein, return the Controlled Substance Exhibits to the accompanying Government law enforcement officer, who shall maintain custody of the Controlled Substance Exhibits and deliver them to a safe and secure location for storage.

5.      IT IS FURTHER ORDERED that any failure to follow the aforementioned procedures will render the reweighing results scientifically unreliable, as those terms are used in the Federal Rules of Evidence. In addition, any failure by the defense to maintain the proper chain-of-custody during the reweighing will not render the Controlled Substance Exhibits inadmissible for this reason.

### B.    ORDER REGARDING RETESTING

6.      IT IS HEREBY ORDERED that the Government shall extract samples from the Controlled Substance Exhibits sufficient in its discretion to perform the qualitative and/or quantitative reanalysis (including methamphetamine purity); and

7. IT IS FURTHER ORDERED that the Government shall deliver, in a manner it deems consistent with the type and quantity of controlled substance at issue, and considering the expert's proximity to the originating DEA laboratory, a representative sample of the Controlled Substance Exhibits to the defense expert, who has been specifically identified as Minh X. Tran at the laboratory that has been specifically identified as Drug Detection Laboratories, Inc., which is physically located at 9700 Business Park Drive, Suite 407, Sacramento, CA 95837 and with a mailing address of 9700 Business Park Drive, Suite 407, Sacramento, CA 95837. Drug Detection Laboratories, Inc., shall possess and present in advance, as a prerequisite to the delivery of the Controlled Substance Exhibits, a current and valid DEA registration sufficient to perform the qualitative and/or quantitative reanalysis of the schedule of controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 et seq.; and

8. IT IS FURTHER ORDERED that, upon delivery of the Controlled Substance Exhibits to the defense expert, the expert shall sign and return by Registered Mail, Return Receipt Requested, all accompanying forms (including Form DEA-12, "Receipt For Cash Or Other Items") indicating receipt of the sample. The defense expert shall conduct the identification and/or quantitative analysis (calculated as the hydrochloride salt form) (including methamphetamine purity) ordered herein, and shall provide the Government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746. The Declaration will state the quantity of each exhibit consumed during reanalysis (if any) as well as the weight of each exhibit both received from and returned to the Government. The Declaration shall be delivered to the Government immediately upon completion of the reanalysis ordered herein; and

9. IT IS FURTHER ORDERED that:

    a) Any reweighing of the Controlled Substance Exhibits will be conducted first and separately from any retesting involving qualitative and/or quantitative reanalysis of the Controlled Substance Exhibits;

    b) The defense shall coordinate with the Government a convenient date and time for the reanalysis ordered herein, which date shall be within thirty (30) days of the date of this Order;

    c) The defense expert's reanalysis may be observed by a Government law

enforcement officer, who reserves the right to videotape the reanalysis or any portion thereof;

    d)     The defense expert is responsible for safeguarding the Controlled Substance Exhibits/samples, preserving the chain of custody in a manner to faithfully protect its integrity;

    e)     The defense expert is responsible for repackaging each internal sample/exhibit package into a heat-sealed evidentiary envelope, which heat-sealed container shall be placed into a separate heat-sealed envelope, which shall be secured in such a manner that tampering will be readily observable;

    f)     Upon completion of any other reanalysis, the defense expert shall return any residual substance and its original packaging to the law enforcement officer or, where applicable, to the originating DEA laboratory by secure method, not to include regular mail. The method can be secured delivery services (i.e., barcode tracking systems) offered by the United States Postal Service (such as registered mail) or by a commercial carrier;

    g)     The defense expert shall report quantitative results of methamphetamine as the hydrochloride salt, in addition to any other manner to which they are accustomed;

    h)     All reanalysis must be completed within ten (10) calendar days from the date of receipt of the sample(s)/exhibit(s). Return of any residual substance and its original packaging must occur within five (5) calendar days following completion of the reanalysis.

10.     IT IS FURTHER ORDERED that any failure to follow the aforementioned procedures will render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent. In addition, any failure by the defense to maintain the proper chain of custody will not render the Controlled Substance Exhibits inadmissible for this reason.

IT IS SO ORDERED.

Dated: **June 24, 2021**           /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE