# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>OMAR VELAZQUEZ LANDEROS,<br><br>    Defendant. | Case No. 1:20-cr-00161-JLT-SKO<br><br>ORDER DENYING DEFENDANT OMAR LANDEROS' MOTION TO WITHDRAW AND MOTION TO ENFORCE CONSTITUTIONAL RIGHTS<br><br>(ECF Nos. 88, 99) |

**I.**

**INTRODUCTION**

Omar Velazquez Landeros ("Defendant") is currently a pretrial detainee facing federal charges, and is currently incarcerated in the custody of the U.S. Marshals, at the Lerdo Pre-Trial Facility in Bakersfield, California. The Lerdo Pre-Trial Facility is operated by the Kern County Sheriff's Department, and federal pretrial detainees are housed there pursuant to an intergovernmental agreement. Currently before the Court is Defendant's motion to enforce his constitutional rights filed on May 24, 2022. (Def.'s Mot. Enforce Const. Rights ("Mot."), ECF No. 88.) The motion originally set for hearing on June 15, 2022, was continued by stipulation of the parties until June 28, 2022, and again until July 12, 2022. (ECF Nos. 91, 92, 93, 94.) The Government filed an opposition to the motion on July 11, 2022. (Govt.'s Opp'n Mot. ("Opp'n"), ECF No. 95.) On July 12, 2022, the Court held a hearing on the motion in Courtroom 9 before

United States Magistrate Judge Stanley A. Boone.  (ECF No. 97.)  Laurel Montoya appeared on behalf of the Government.  Counsel Scott Quinlan appeared on behalf of the Defendant via video.  Defendant appeared in custody via video.

Following the hearing, on July 19, 2022, Defendant filed a notice of withdrawal of the pending motion, filed and entered on the docket as a motion to withdraw.  (ECF No. 99.)[1]  Defendant proffers that because the conditions in the facility have changed, Defendant's motion to enforce constitutional rights is now moot.  (Id.)

## II.

## LEGAL STANDARD

"Federal pretrial detainees may ordinarily challenge the conditions of their confinement only in a separate civil action."  United States v. Yandell, No. 2:19-CR-00107-KJM, 2021 WL 4777113, at *3 (E.D. Cal. Oct. 13, 2021) (citations omitted).  "As several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties . . . rather than a motion in his criminal case."  United States v. Luong, No. CR 99-433WBSGGH, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009) (citing, e.g., United States v. Hollis, No. 08-276, 2009 WL 902062, at *1 (E.D. Cal. Apr.1, 2009) (Wanger, J.) (advising defendant that "any claims concerning the conditions of his confinement at the Fresno County Jail must be made in an appropriate civil rights complaint" and that he "cannot bring these motions in his federal criminal case")); United States v. Moi, No. 319CR00112TMBDMS, 2021 WL 4048596, at *8 (D. Alaska June 7, 2021) ("Generally, pretrial detainees may only challenge their conditions of confinement in a civil action brought pursuant to (1) *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, (2) 42 U.S.C. § 1983, or (3)  28 U.S.C. § 2241."); see also United States v. Darcy, No. 1:17-CR-00036-MR-WCM, 2020 WL 2573251, at *4 (W.D.N.C. May 21, 2020) ("[T]o the extent that the Defendant is seeking to challenge the conditions of his confinement, the Defendant is advised that any such claims must be brought in a civil action . . . cannot challenge

---

[1] Because the notice was filed as a motion on the docket, this order denies the filing as a motion.

2

the conditions of his confinement through a motion in his criminal case."), aff'd, 835 F. App'x 702 (4th Cir. 2021); United States v. Carmichael, 343 F.3d 756, 761 (5th Cir. 2003) ("[W]e hold that the DNA Act's provision for the BOP's collection of federal offenders' DNA during incarceration is not part of appellants' sentence, but is rather a prison condition that must be challenged through a separate civil action after exhaustion of administrative remedies.").

"Federal courts have made one exception to this rule for challenges to conditions that prevent a defendant from consulting with counsel or exercising other trial rights." Yandell, 2021 WL 4777113, at *3 (citations omitted). A "broader exception would allow defendants to bypass the administrative exhaustion requirements of the Prison Litigation Reform Act . . . [and] also would have practical consequences when, as in this case, the moving defendant is detained in a state prison or county jail and the state officials and officers are not parties to the federal case." Id. (citations omitted). Thus, "[t]he first step of the analysis is thus to separate the conditions [a defendant] may challenge in this action because they prevent him from consulting with his attorneys, from conditions he may challenge only in a separate civil action." Id.

## III.

## DISCUSSION

### A. Defendant's Request to Withdraw Motion as Moot

"Government actions fall within the 'capable of repetition, yet evading review' exception when '(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again.' " Nat. Res. Def. Council, Inc. v. Evans, 316 F.3d 904, 910 (9th Cir. 2003) (quoting Greenpeace Action v. Franklin, 14 F.3d 1324, 1329 (9th Cir.1992)).

Following briefing, one week after the hearing on this motion before the Court, Defendant filed the notice of withdrawal of the motion. (ECF No. 99.) Normally, the Court is inclined to simply withdraw a movant's motion at their request, however, given the below standards and analysis as to the motion as initially presented, and the fact the complained of actions appear to be capable of repetition yet evading review, the Court shall proceed to consider and deny the motion on the merits. The Court finds additional support for the denial based on

the fact Defendant now proffers the conditions have changed and that his motion is now moot.

The Court recognizes the application of the standard of capable of repetition but evading review is likely not typical in circumstances such as this where the movant is claiming mootness. However, again, given the conditions complained of are capable of repetition but evading review, and given the analysis below will inform Defendant of the applicable and relevant standards if conditions do repeat, the Court finds it appropriate and prudent to proceed into the merits analysis of the motion as initially presented and argued.

**B.      The Parties' Arguments Prior to Defendant's Request to Withdraw Motion**

Defendant proffers that as a pretrial detainee, the constitutionality of conditions or restrictions of pretrial detention that implicate protection against deprivation of liberty without due process is gauged by determining whether those conditions or restrictions amount to punishment of the detainee. See Bell v. Wolfish, 441 U.S. 520, 535 (1979) ("In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee."); Fischer v. Winter, 564 F. Supp. 281, 299 (N.D. Cal. 1983). As relevant to the claims here, Defendant contends it is unconstitutional for pretrial detainees to be denied adequate opportunities for outdoor or vigorous physical exercise without a legitimate governmental objective, or to be denied access to the law library. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1211–12 (9th Cir. 2008); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010); Graves v. Arpaio, No. CV-77-0479-PHX-NVW, 2008 WL 4699770, at *10 (D. Ariz. Oct. 22, 2008).

Defendant contends that he is being housed in federal custody under conditions that violate his constitutional rights as a pretrial detainee. Specifically, Defendant submits that until May 22, 2022, he was locked in his cell for approximately 22 hours per day; that he is supposed to be allowed out of his cell for 4 hours per day, but was lucky to get out for 2 hours; that he was not allowed access to the yard on a daily basis; that on May 22, 2022, he was allowed out of his cell for four hours and was allowed to go to the recreation yard for the first time in months; that he is not being given half-hour visits and when he is given visits, the phone has not worked; and

finally, he has never been given access to the law library despite filling out the required request slips. (Mot. 2-3.) As for relief, Defendant submits that if the unconstitutional conditions that have been present for months cannot be remedied by consent of the facility chosen by the U.S. Marshals office to house him, or by the U.S. Marshals' transfer of Defendant to another facility, Defendant moves for his pretrial release upon such terms and conditions that the Court may deem warranted. (Mot. 3.)

The Government does not generally dispute the standards in evaluating conditions of pretrial detention and cites similar applicable legal standards as to evaluating such conditions.[2] (Opp'n 1-2, citing Wolfish, 441 U.S. at 535; Pierce, 526 F.3d at 1205.) The Government replies that Defendant is in fact regularly allowed 4 hours per day to engage in activities such as making phone calls, showering, spending time in the day room, and going to the recreation yard. (Opp'n 1.) The Government emphasizes that Pretrial detainees who are held for more than a short time and spend much of their time inside their cells are ordinarily entitled to five to seven hours of exercise per week outside of their cells. Pierce, 526 F.3d at 1212. The Government contends that the Lerdo facility where Defendant is housed allows prisoners 4 hours per day out of their cells pursuant to the dayroom rotational instructions. (Opp'n 3.) Additionally, the Government highlights that the Lerdo facility does not have a physical law library, however, inmates are allowed to access to Legal Research Associates; this information is contained in the Federal Inmate Orientation Handbook; and proffers the relevant prison official is not aware of Defendant submitting a request for legal research that has been denied. (Opp'n 3.)

### C. The Court Finds Defendant's Motion Should be Denied as the Complaints of Conditions of Confinement Must be Brought in a Civil Action and Defendant's Right to Counsel and Exercise of Other Trial Rights are not Demonstrably Impacted by the Conditions of Confinement

"The first step of the analysis is thus to separate the conditions [Defendant] may challenge in this action because they prevent him from consulting with his attorneys, from conditions he may challenge only in a separate civil action." Yandell, 2021 WL 4777113, at *3.

---

[2] In briefing, the Government did not contend that complaints regarding conditions of confinement are not generally properly brought in the criminal action, however, this was the primary discussion elicited by the Court from the parties at the hearing.

1  In Yandell, the court found some of the challenges raised by the pretrial detainees housed in the
2  state facility, alleged conditions that did impact the right to counsel and the exercise of trial
3  rights, and others did not.  United States v. Yandell, No. 2:19-CR-00107-KJM, 2020 WL
4  3858599, at *9 (E.D. Cal. July 8, 2020) (granting motion in part and ordering in-person visits
5  with attorneys be private; calls to attorneys not be recorded and in a private location; and
6  preventing legal mail from being opened except in front of the defendant)[3] see also Moi, 2021
7  WL 4048596, at *15 (granting motion in part and denying in part, finding "DOC's pre-injunction
8  counsel visitation policy's distinction based on an inmate's vaccination status violates the
9  defendants' Sixth Amendment rights to counsel and Fifth Amendment rights to due process,
10 therefore the Court recommends that the District Court direct the DOC to allow in-person contact
11 attorney-client visitation to inmates regardless of their vaccination status.").

12      However, in Yandell, a defendant's allegation that he was not receiving reasonably
13 adequate medical care in violation of the Eighth Amendment, and that he was housed with
14 mentally ill inmates who keep him awake by banging and screaming throughout the night, were
15 found not related to the right to counsel or exercise of trial rights.  Yandell, 2020 WL 3858599,
16 at *8 ("Here, the connection of these last two complaints to the exercise of Daniel's trial rights is
17 too attenuated to be within the court's jurisdiction over his criminal case.  These conditions are
18 properly challenged in a separate civil suit providing for notice to the proper parties, the tools of
19 civil discovery, and adequate redress.").

20      Here, the Court finds the bulk of Defendant's motion proffers complaints that are clearly
21 related to the conditions of confinement, and must be brought in a civil action.  See, e.g.,
22 Yandell, 2020 WL 3858599, at *8; Luong, 2009 WL 2852111, at *1.  Therefore, the Court need
23 not wade into the specific factual allegations or defenses concerning the amount of yard access
24 or recreation time.

25      The complaints pertaining to visitation, phones not working during visits, and particularly
26 law library access, yield a somewhat less axiomatic answer.  Nonetheless, given Defendant is

---

[3] The Yandell court adjudicated two separate motions on different dates, in two separate opinions more than one year apart.

1 represented by counsel, and there is no indication or specific proffer in the motion that the
2 allegation pertaining to law library access, visitation, or phone access, has actually affected
3 Defendant's right to counsel or other trial rights in this criminal action, the Court finds such
4 complaints are not demonstrably relevant to resolution of this criminal case. See Yandell, 2021
5 WL 4777113, at *3; Yandell, 2020 WL 3858599, at *7, 9; Luong, 2009 WL 2852111, at *1;
6 Hollis, 2009 WL 902062, at *1 (complaints about law library access irrelevant to resolution of
7 the criminal case because represented by counsel).  Nonetheless, the Court will deny the motion
8 as to these aspects without prejudice to refiling, if Defendant and counsel believe they have a
9 basis for such complaint in this criminal action. See Yandell, 2020 WL 3858599, at *7, 9 ("The
10 current record does not make clear whether this renders calls to counsel impossible or merely
11 difficult to schedule . . . Again, there is no admissible evidence on this point and the specific
12 defendants who suffer from this problem are not identified in the parties' most recent filing . . .
13 As to the balance of defendants' motion (pertaining to potential law library access issues), it is
14 DENIED without prejudice to refiling to the extent the court has jurisdiction to resolve
15 complaints in this criminal case and those complaints are supported by admissible evidence.").
16 With any renewed motion, Defendant would "have the burden of showing 'the real possibility of
17 interference [with the right to counsel], not just inconvenience.' "  Id. at *7 (quoting United
18 States v. Folse, No. CR 15-2485 JB, 2016 WL 3996386, at *23 (D.N.M. June 15, 2016)).

19       The Court depends on further caselaw in support of the conclusions herein.  In Hollis, the
20 defendant was charged with receipt of material involving the sexual exploitation of children
21 under 18 U.S.C. § 2252(a)(2); was represented in the criminal case by counsel; was detained in
22 the Fresno County Jail pursuant to a detention order; pleaded guilty; and was awaiting
23 sentencing.  Hollis, 2009 WL 902062, at *1.  In the criminal action, Hollis sought injunctive
24 relief requiring the Fresno County Jail to provide access to the Fresno County Jail library and to
25 provide supplies to enable Hollis to file legal documents, and to transfer Hollis to another facility
26 because of alleged violations of the Eighth Amendment and the Americans with Disabilities Act.
27 The court denied Hollis' motion finding "any claims concerning the conditions of his
28 confinement at the Fresno County Jail must be made in an appropriate civil rights complaint,"

that he could not bring such motions in the federal criminal case; that the named jail official Russell was not a party to the criminal case; and that "Hollis' complaints about Fresno County Jail law library access and supplies and the conditions of his confinement in the Fresno County Jail are irrelevant to resolution of the criminal case because Hollis is represented by counsel." United States v. Hollis, No. CR-F-08-276 OWW, 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009).

In Luong, the defendant was found guilty of federal charges and housed in the Sacramento County Jail awaiting judgment and sentencing. Luong, 2009 WL 2852111, at *1. Luong presented requests for an orthopedic shoe and for visits to the Sacramento County Jail law library. Id. The Luong court found the requests related to medical issues, as well as the requests for law library access, could be appropriately addressed in the criminal proceeding if the conditions of confinement affected the defendant's "ability to consult with counsel or exercise other trial rights." Id. The court found both the medical complaint as well as the complaint regarding law library access did not "involve matters affecting any of [Luong's] substantive or procedural rights in this criminal proceeding," concluding there had been "no showing or suggestion that defendant needs an orthopedic shoe in order to attend his court appearances or to exercise any other rights in this case," and that "defendant is represented by experienced and well-qualified counsel, who is capable of doing whatever research is necessary for the effective representation of defendant in this proceeding." Id.

The Luong court found that "[p]ermitting defendant to file grievances in his criminal proceeding not directly related to his ability to exercise his rights in that proceeding would circumvent his obligation to exhaust administrative remedies before seeking redress in court." Id. at *2. The Court has the same concern here. The Court takes no firm position as to what form an appropriate potential civil rights action must come, although it appears it 28 U.S.C. §2241 may be most appropriate. See Moi, 2021 WL 4048596, at *8 ("Generally, pretrial detainees may only challenge their conditions of confinement in a civil action brought pursuant to (1) *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, (2) 42 U.S.C. § 1983, or (3) 28 U.S.C. § 2241."). Regardless, given there is no impact on the current right to counsel,

1  the Court finds the motion inappropriately before the Court in this criminal action. See
2  Ontiveros v. Los Angeles Cnty., 611 F. Supp. 2d 1090, 1094 (C.D. Cal. 2009) (noting the Prison
3  Litigation Reform Act of 1995 ("PLRA") requires exhaustion of administrative remedies for all
4  actions with respect to prison conditions brought under any federal law); 42 U.S.C. § 1997e(a)
5  ("No action shall be brought with respect to prison conditions under section 1983 of this title, or
6  any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
7  until such administrative remedies as are available are exhausted."); Mason v. San Mateo Cnty.,
8  No. C 02-04643 SI, 2005 WL 3957924, at *1 n.1 (N.D. Cal. Jan. 26, 2005) ("The Court agrees
9  with defendants that the PLRA clearly applies to the pretrial detention facility in which plaintiff
10  was confined . . . the fact of plaintiff's pretrial status does not exempt him from
11  the PLRA's exhaustion requirement."); Snyder v. Riverside Cnty., 819 F. App'x 514, 515 (9th
12  Cir. 2020) (appeal regarding exhaustion of administrative remedies under PLRA for complaint
13  regarding conditions while pretrial detainee).

14  The Court also finds it inappropriate, in the absence of a demonstrable impact on the right
15  to counsel or other trial rights in this criminal action, to attempt to address the complaints voiced
16  here, given the only parties to this criminal proceeding are the United States and the Defendant.
17  Luong, 2009 WL 2852111, at *2 ("Claims of inadequate medical treatment or other complaints
18  regarding conditions of confinement potentially involve the Marshal, Sheriff, or other person or
19  persons responsible for the custody and care of the defendant[; thus] [e]ntertaining defendant's
20  filings in this action fails to properly apprise those individuals who have the requisite authority
21  and ability to address and potentially remedy defendant's grievances."); United States v. Cote,
22  No. 219CR134FTM38NPM, 2020 WL 4339351, at *2 (M.D. Fla. July 28, 2020) ("The
23  Magistrate Judge was correct to conclude that Defendant's due process argument is better suited
24  for a civil case. The only parties to this criminal action are the Government and Defendant.").

25  Finally, the fact that Defendant has now requested to withdraw the motion on the basis
26  that the complained of conditions are now rectified, provides an additional ground for the Court
27  to deny the current motion, as there are clearly now no conditions affecting the Defendant's right
28  to counsel or their other trial rights in this action.

## IV.

## CONCLUSION AND ORDER

The Court finds the complaints proffered in Defendant's motion, as currently alleged, are not properly before the Court in this criminal action. See, e.g., Yandell, 2021 WL 4777113, at *3; Yandell, 2020 WL 3858599, at *7, 9; Luong, 2009 WL 2852111, at *1; Hollis, 2009 WL 902062, at *1. Again, while Defendant's motion shall be denied, it is without prejudice to renewal as to any claims alleging denial of the right to access to counsel, or the affecting of trial rights in this criminal action, if such conditions present themselves in the future. See Yandell, 2020 WL 3858599, at *9.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to withdraw (ECF No. 99) and motion to enforce constitutional rights (ECF No. 88) are DENIED.

IT IS SO ORDERED.

Dated:   **July 22, 2022**

UNITED STATES MAGISTRATE JUDGE