1  PHIILIP A. TALBERT
   United States Attorney
2  LAUREL J. MONTOYA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099

5

6  Attorneys for Plaintiff
   United States of America

7

8

                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,                CASE NO.  1:20-CR-00161-ADA-SKO

12                          Plaintiff,       STIPULATION REGARDING EXCLUDABLE
                                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
13               v.                          ORDER

14  OMAR VELAZQUEZ LANDEROS, and             DATE: December 7, 2022
    VICTOR ROMERO GALVAN,                    TIME: 1:00 p.m.
15                                           COURT: Hon. Sheila K. Oberto
                            Defendants.
16

17

18          General Order 618 was entered to address public health concerns related to COVID-19.  Further,

19  pursuant to General Order 614, 620, 624, 628, and 630 and the CARES Act, this Court's declaration of

20  judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16,

21  2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all

22  criminal matters to a date after May 1, 2020.[1]

23          Although the General Orders address the district-wide health concern, the Supreme Court has

24  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

25  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

26  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

27  _____

28          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME                    1
    PERIODS UNDER SPEEDY TRIAL ACT

1    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

2    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

3    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

4    or in writing").

5         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

6    and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

7    continuances are excludable only if "the judge granted such continuance on the basis of his findings that

8    the ends of justice served by taking such action outweigh the best interest of the public and the

9    defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

10   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

11   ends of justice served by the granting of such continuance outweigh the best interests of the public and

12   the defendant in a speedy trial."  *Id.*

13        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

14   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

15   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

16   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

17   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

18   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

19   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

20   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

21   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

22        In light of the societal context created by the foregoing, this Court should consider the following

23   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

24   justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

25   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

26   pretrial continuance must be "specifically limited in time").

27

28        [2] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant OMAR VELAZQUEZ LANDEROS, by and through defendant's counsel of record, Scott Quinlan, and defendant VICTOR ROMERO GALVAN, by and through defendant's counsel of record, Roger Bonakdar, seek a continuance of the current status conference to September 19, 2023 and hereby stipulate as follows:

1.      By previous order, this matter was set for status on December 7, 2022.

2.      By this stipulation, parties now move to set the jury trial for September 19, 2023, and to exclude time between December 7, 2022, and September 19, 2023, under Local Codes T2 and T4.

3.      The parties agree and stipulate, and request that the Court find the following:

        a)      The government has represented that the discovery associated with this case includes over 14,000 pages of Bates stamped discovery and numerous wiretap recordings.  The majority of the discovery has been either produced directly to counsel and/or made available for inspection and copying.  There has been additional discovery provided to the government that is being processed for dissemination.

        b)      The government is preparing plea offers for submission for approval.  One such submission is based on the government's offer and a counter offer presented by the defense.

        c)      Counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with their clients, to prepare pretrial motions, and to otherwise prepare for trial.

        d)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        e)      Additionally, given the voluminous discovery and the fact that this case involved a wiretap investigation, it is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself prior to September 19, 2023.

        f)      Based on the above-stated findings, the ends of justice served by continuing the

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    case as requested outweigh the interest of the public and the defendant in a trial within the

2    original date prescribed by the Speedy Trial Act.

3              g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4    et seq., within which trial must commence, the time period of December 7, 2022 to September

5    19, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

6    Code T4] and 18 U.S.C. § 3161(h)(7)(A), B(ii) [Local Code T2], because it results from a

7    continuance granted by the Court at defendant's request on the basis of the Court's finding that

8    the ends of justice served by taking such action outweigh the best interest of the public and the

9    defendant in a speedy trial.

10       4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

11   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12   must commence.

13       IT IS SO STIPULATED.

14

15

16   Dated:  December 1, 2022                    PHILLIP A. TALBERT
                                                  United States Attorney

17
                                                  /s/ LAUREL J. MONTOYA
18                                                LAUREL J. MONTOYA
                                                  Assistant United States Attorney
19

20   Dated:  December 1, 2022                    /s/ SCOTT QUINLAN
                                                  SCOTT QUINLQN
21                                                Counsel for Defendant
                                                  OMAR VELAZQUEZ
22                                                LANDEROS

23   Dated: December 1
                                                  /s/ ROGER BONAKDAR
24                                                ROGER BONAKDAR
                                                  Counsel for Defendant
25                                                VICTOR ROMERO GALVAN

26

27              **[Remainder of this page intentionally left blank]**

28

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT

1

2                                              **ORDER**

3          Pursuant to the parties' stipulation, jury trial is set for September 19, 2023, and time is excluded

4  between December 7, 2022, and September 19, 2023, under Local Codes T2 and T4, for the reasons set

5  forth in the stipulation.

6

7  IT IS SO ORDERED.

8  Dated:    **December 2, 2022**                     /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28